IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DARRELL K. WILLIAMS,**
**ADC #092508**                                                                 **PLAINTIFF**

V.                         CASE NO. 5:19-CV-257-KGB-BD

**WENDY KELLEY,** *et al*.                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Mr. Williams may file written objections to this Recommendation if he disagrees with its findings or conclusions. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Williams may waive any right to appeal questions of fact.

**II.    Discussion:**

Darrell K. Williams, an Arkansas Department of Correction inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his original complaint, Mr. Williams claimed that Defendants violated ADC policy by failing to notify him that he was the subject of an internal investigation and that Defendants violated his due process and his fifth amendment rights by forcing him to

participate in a polygraph examination and subsequently charging him with a false disciplinary.

Because Mr. Williams did not state the punishment he received as a result of the disciplinary conviction, the Court gave him an opportunity to supplement his complaint with additional information. (#4) Mr. Williams has now filed a supplement to his original complaint. (#5)

Federal courts must review prisoner complaints that seek relief from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). After assessing a complaint, the court is obliged to dismiss any claim that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). As explained below, Mr. Williams's complaint should not move ahead, because his allegations, even if true, fail to state federal claims for relief.

First, the Defendants' alleged failure to follow ADC policies is not conduct that violates federal law. See *McClinton v. Arkansas Dep't of Corr.,* 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Thus, even if Defendants violated ADC policy, this conduct does not state a federal claim for relief.

Second, Mr. Williams's placement in punitive segregation for a relatively brief period did not violate his right to due process. Under current law, prisoners have a right to procedural due process only if there is a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). A prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or

from actions that "inevitably affect the duration of [a prisoner's] sentence." *Sandin*, 515 U.S. at 487. Here, Mr. Williams's disciplinary conviction resulted in 30 days in punitive isolation, a reduced classification level; and a loss of good-time credit. These penalties are serious, of course, but they are not severe enough to trigger Mr. Williams's liberty interests. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) and *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship); and *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges).

Furthermore, Mr. Williams had no liberty interest in good-time credits. This is because Arkansas's good-time statute does not reduce the term of a prisoner's sentence; instead, it simply reduces the time an inmate must serve before becoming eligible for transfer (parole). *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011). Because Mr. Williams has no liberty interest in the possibility of a conditional release prior to the expiration of his sentence, there was no violation of his rights under the Due Process Clause. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (federal constitution does not confer a right to be conditionally released before the expiration of a valid sentence).

Finally, Mr. Williams has no claim under the fifth amendment. "[T]he general rule is that a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case." *Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007) (citing

*Chavez v. Martinez*, 538 U.S. 760, 767 (2003)). Even though prison disciplinary hearings are not criminal proceedings, the fifth amendment's privilege against self-incrimination does protect prisoners from attempts by prison authorities to compel testimony "that might incriminate [the prisoner] in later criminal proceedings." *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976) But here, Mr. Williams does not allege that he made any admissions during the polygraph examination or, more importantly, that the results of that examination might be used in a future criminal proceeding against him. In fact, Arkansas law prohibits psychological stress test results, *i.e.*, polygraph tests, from being introduced against a defendant in a criminal case. ARK. CODE ANN. § 12-12-704. Therefore, allegations regarding the required polygraph examination fail to state a federal claim for relief.[1]

## III.   Conclusion:

The Court recommends that Mr. Williams's claims be DISMISSED, without prejudice. The Court further recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

---

[1] Even though stress-test results are not admissible in Arkansas courts, law enforcement agencies "are authorized to use psychological stress evaluation instruments to test or question individuals for the purpose of determining and verifying the truth of statements." ARK. CODE ANN. § 12-12-701. Notably, other courts have specifically upheld the use of polygraph examinations in disciplinary hearings. See, *e.g.*, *Lenea v. Lane*, 882 F.2d 1171, 1174 (7th Cir. 1989) ("in prison disciplinary hearings, polygraph results are routinely admitted and relied upon"); *Toussaint v. McCarthy*, 926 F.2d 800, 802-803 (9th Cir. 1990) (use of polygraph did not violate due process and also qualified as some evidence to support a disciplinary conviction).

DATED, this 5th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE